### In the Matter of the PATERNITY OF N.R.R.L.

No. 50A03–0508–JV–372.

Court of Appeals of Indiana.

May 12, 2006.

Transfer Denied Aug. 17, 2006.

Ralph R. Huff, Plymouth, IN, Attorney for Appellant.

Tom A. Black, June E. Bules, Plymouth, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Curtis Rogge appeals from the trial court's denial of a motion to dismiss the action filed by Joshua Milner to establish paternity of the minor child N.R.R.L. ("the child"). Rogge presents a single issue for our review, namely, whether the trial court erred when it denied the motion to dismiss Milner's paternity action.

We affirm.

### FACTS AND PROCEDURAL HISTORY

N.R.R.L. ("the child") was born to Mary Loftus ("Mother") on October 12, 2002. At the time of the birth, Mother and Rogge executed a paternity affidavit. In February 2003, Mother sought child support from Rogge. The Marshall County prosecutor filed the paternity affidavit and a petition for support on her behalf in the Marshall Circuit Court, and the circuit court subsequently established paternity in Rogge. Although the court held a hearing on the request for child support, no action was taken on that request because, at the time of the hearing, Mother and Rogge were living together, Rogge was employed, and Mother was a stay-at-home mom.

On October 8, 2004, Milner filed the instant petition to establish paternity of the child, naming Mother as the sole respondent. Milner and Mother stipulated to submit to genetic testing, which showed that Milner is the child's biological father. At a subsequent hearing, the Marshall Superior Court adjudged Milner to be the child's father, ordered that Milner is to have visitation with the child, and ordered the parties to submit to a custody evaluation. The case was then transferred to the circuit court.

In April 2004, Mother filed a motion to dismiss Milner's paternity action, and Rogge filed a motion to intervene. Shortly thereafter, Rogge filed his Notice of Joinder in Motion to Dismiss, and Milner then filed a motion to join Rogge. After a hearing, the circuit court denied the motion to dismiss but granted Milner's motion to join Rogge as a party. Rogge's interlocutory appeal ensued.

### DECISION AND DISCUSSION

Rogge contends that the trial court erred when it denied the motion to dismiss Milner's paternity action. Although not framed as such, Rogge's motion to dismiss essentially alleges Milner's failure to state a claim under Indiana Trial Rule 12(B)(6), and we will treat it as such. A Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim rather than the facts supporting the claim. *Gorski v. DRR, Inc.*, 801 N.E.2d 642, 644–45 (Ind.Ct.App.2003).

Dismissal for failure to state a claim is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

Rogge asserts that the trial court should have dismissed Milner's paternity action because Rogge was a necessary party but was not named a party in that action.[1] A man's paternity may be established in an action filed under Indiana Code title 31, article 14, or by execution of a paternity affidavit under Indiana Code Section 16–37–2–2.1. Ind.Code § 31–14–2–1. A man is a child's legal father if the man executed a paternity affidavit in accordance with Indiana Code Section 16–37–2–2.1 and the paternity affidavit has not been rescinded or set aside under Indiana Code Section 16–37–2–2.1. Ind.Code § 31–14–7–3. A man is presumed to be a child's biological father if "the man undergoes a genetic test that indicates with at least a ninety-nine percent (99%) probability that the man is the child's biological father." Ind.Code § 31–14–7–1(3). A man's paternity can only be established as described in Indiana Code Section 31–14–2–1. Ind.Code § 31–14–7–2(b).

Rogge contends that he was a necessary party to Milner's paternity action. Necessary parties to a paternity action include "each person alleged to be the father" of the child. Ind.Code § 31–14–5–6. Here, Rogge is listed as the father on the child's birth certificate. Also, Rogge and Mother jointly executed a paternity affidavit on October 14, 2002, two days after the child's birth, making Rogge the child's legal father. *See* Ind.Code § 31–14–7–3. When Mother later sought child support, the prosecutor filed the affidavit in the circuit court. In that case, the court's Chronological Case Summary ("CCS") entry of February 20, 2004, reads in relevant part, "PATERNITY ESTABLISHED."[2] (Emphasis in original.) Milner filed the instant paternity action on October 8, 2004. But Milner did not name Rogge as a party to the action, nor has he shown that Rogge's paternity affidavit has been set aside or rescinded. *See* Ind.Code § 31–14–7–3. Rogge is the child's legal father pursuant to Indiana Code Section 31–14–7–3. As the legal father, Rogge is a necessary party to Milner's paternity action. *See* Ind.Code § 31–14–5–6.

■ While Rogge is a necessary party to Milner's paternity action, any error arising from Milner's failure to name Rogge as a party was remedied when the trial court allowed Rogge to intervene. Thus, in order to determine whether the trial court erred when it denied the motion to dismiss, we must still determine whether Milner's petition states a claim upon which relief can be granted under any set of circumstances. We find that Milner's petition does state a claim for which relief can be granted.

■ This court addressed a similar set of facts in *In re Paternity of K.L.O.,* 816 N.E.2d 906 (Ind.Ct.App.2004). There, the mother and her boyfriend executed a paternity affidavit when the child was born. Later the mother asked a second man, Lakins, to take a paternity test, the results of which revealed a probability of 99.99995% that he was the child's biological father. The mother then filed a pater-

---

1. Rogge also asserts that the failure to name him as a party to the paternity action resulted in a violation of his due process rights. Because we resolve the case on statutory grounds, we do not address Rogge's constitutional claim.

2. In a subsequent CCS entry, the court noted that "paternity was previously established in this cause[.]" Appellant's App. at 28.

nity action against Lakins, but the trial court dismissed the action because the boyfriend had not been joined as a party. The mother filed a second paternity petition, alleging that the boyfriend was the child's father, in order to disestablish the boyfriend's paternity. The trial court dismissed the second petition after a DNA test revealed that the boyfriend was not the child's biological father. The mother then filed a third petition to establish paternity, alleging that Lakins was the father. Lakins filed a motion to dismiss the petition because the boyfriend was a necessary party and had not been joined in the action. The trial court denied that motion.

On appeal, this court reversed, noting that the boyfriend was still the child's legal father because the paternity affidavit had not been rescinded or set aside. *Id.* at 908. "A paternity affidavit that is properly executed under this section may not be rescinded more than sixty (60) days after the paternity affidavit is executed unless a court has determined that fraud, duress, or material mistake of fact existed in the execution of the paternity affidavit." Ind. Code § 16–37–2–2.1(i). At the time the mother filed the second petition to establish paternity in Lakins, the trial court had not found fraud, duress, or material mistake of fact in the execution of the paternity affidavit by the boyfriend. Thus, the boyfriend

> remained the legal father of [the child] and, as such, he should have been joined as a necessary party in the [second paternity action against Lakins]. For this reason, the trial court erred in denying

Lakins's motion to dismiss the paternity action filed against Lakins because [the mother] did not join [the boyfriend], a necessary party, to the action.

*Id.* at 908.

The facts of the instant case are similar to those in *K.L.O.* Here, Mother and Rogge, her boyfriend at the time of the child's birth, filed a paternity affidavit pursuant to Indiana Code Section 16–37–2–2.1 shortly after the child's birth. As a result, Rogge is the child's legal father. *See* Ind. Code § 31–14–7–3. Subsequently, Milner filed a petition to establish paternity, alleging that he is the child's father, but did not name Rogge as a party. But the similarities between this case and *K.L.O.* end there. While the legal father in *K.L.O.* was never a party to any action to establish paternity in Lakins, here, the trial court allowed Rogge to intervene in Milner's paternity action. As noted above, Rogge's intervention remedied any error arising from Milner's failure to name Rogge as a party to Milner's paternity action. Thus, *K.L.O.* is not dispositive.

The legislature has stated that it "favors a public policy of establishing paternity under [title 31, article 14] of a child born out of wedlock." Indiana Code Section 31–14–1–1. Although Rogge's execution of the paternity affidavit established him as the child's legal father, that does not preclude another man from attempting to establish paternity of the child. Genetic testing has established that Milner is the child's biological father. Thus, under Indiana Code Section 31–14–7–1(3) Milner is presumed to be the child's biological father.[3]

---

**3.** Under Indiana Code Section 16–37–2–2.1(k), "[t]he court shall set aside the paternity affidavit upon a showing from a genetic test that sufficiently demonstrates that the person who executed the paternity affidavit is excluded as the child's biological father." We do not reach the issue of whether the genetic test establishing Milner to be the child's biological father necessarily excludes Rogge as the child's biological father. Such a finding would be grounds for the trial court to set

Thus, Milner has not failed to state a claim, and we hold that the trial court did not err when it denied Rogge's motion to dismiss Milner's paternity action.[4]

Affirmed.

SHARPNACK, J., and ROBB, J., concur.

aside Rogge's paternity affidavit.  *See* Indiana Code Section 16–37–2–2.1.

4.  Because we determine that the trial court did not err when it denied the motion to dismiss Milner's paternity action, we need not address Milner's equitable estoppel argument.