**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DAVID PAUL ALLEN**
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE PATERNITY OF G.J.C. AND C.E.C., ) | |
| ) | |
| J.T., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | No. 45A05-1205-JP-250 |
| ) | |
| N.R. AND R.C., ) | |
| ) | |
| Appellees. ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Mary Beth Bonaventura, Judge
Cause No. 45D06-1201-JP-116 and 45D06-1201-JP-117

**November 26, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

In this consolidated appeal, J.T. appeals the trial court's dismissal of his petitions to establish paternity of G.C. and C.C. We reverse and remand.

## Issues

J.T. raises two issues, which we restate as:

I. whether the trial court properly denied his motions to strike the mother's motions to dismiss; and

II. whether the trial court properly granted the mother's motions to dismiss.

## Facts

G.C. was born out of wedlock in June 2008 to N.R. ("Mother"). Mother and R.C. executed a paternity affidavit regarding G.C., and R.C. claimed to be G.C.'s biological father. C.C. was born out of wedlock in May 2009 to Mother, and R.C. again executed a paternity affidavit regarding C.C.

In January 2012, J.T. filed separate verified petitions to establish paternity of G.C. and C.C. In March 2012, Mother filed motions to dismiss. She alleged that J.T. had failed to file notice with the putative father registry, that paternity of G.C. and C.C. was established by the paternity affidavits, and that J.T. failed to file the actions within two years of the children's dates of birth.

J.T. filed motions to strike Mother's motions to dismiss. J.T. argued that Mother had failed to file a supporting brief pursuant to the local court rules and that the motions to dismiss were not timely under Indiana Trial Rule 12(B). J.T. then filed amended petitions in which he alleged he was G.C. and C.C.'s next friend.

2

After a consolidated hearing, the trial court found that the paternity affidavits executed by R.C. and Mother "conclusively establish paternity of [R.C.] over [G.C. and C.C.]." Appellant's App. p. 12. The trial court dismissed J.T.'s amended petitions with prejudice. J.T. now appeals.

**Analysis**

We first note that Mother did not file an appellee's brief in this matter. When the appellee does not submit a brief, we apply a less stringent standard of review with respect to showings of reversible error. Paternity of Davis v. Trensey, 862 N.E.2d 308, 311 (Ind. Ct. App. 2007). We may reverse if the appellant establishes prima facie error, that is, an error at first sight, on first appearance, or on the face of it. Id. When the appellant fails to sustain that burden, we will affirm. Id. We do not undertake the burden of developing arguments for the appellee. Id.

*I. Motions to Strike*

J.T. first argues that the trial court should have granted his motions to strike Mother's motions to dismiss. "To overturn the denial of a motion to strike, a trial court must have committed an abuse of discretion." Nationwide Ins. Co. v. Heck, 873 N.E.2d 190, 195 (Ind. Ct. App. 2007). We will reverse such an exercise of discretion only when the decision is clearly against the logic and effect of the facts and the circumstances before the trial court. Id.

J.T. contends the motions to dismiss were improper because they were untimely under Indiana Trial Rule 12(B). Rule 12(B) provides that a motion to dismiss must be filed "before pleading if a further pleading is permitted or within twenty [20] days after

3

service of the prior pleading if none is required." However, J.T. also acknowledges Mother's argument during the trial court hearing that the motions to dismiss were actually motions for judgment on the pleadings under Indiana Trial Rule 12(C). Rule 12(C) provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Indiana courts have repeatedly held that "[p]leadings are to be treated according to their content rather than their caption." ABN AMRO Mortg. Group, Inc. v. Am. Residential Servs., LLC, 845 N.E.2d 209, 216 (Ind. Ct. App. 2006). Although Mother's motions were entitled "motion to dismiss," because they were filed after the pleadings were closed, they were more accurately treated as motions for judgment on the pleadings. Because a party may move for judgment on the pleadings at any time unless the motion would delay the trial, Mother's motions were timely. The trial court did not abuse its discretion by denying the motions to strike on this basis.

According to J.T., the motions to dismiss were also improper because they violated the local court rules, which require a separate supporting brief. The Lake County Rule of Civil Procedure 4(A) provides: "All motions filed pursuant to Trial Rules 12 and 56 shall be accompanied by a separate supporting brief." We conclude that Mother's motions adequately explained her arguments that paternity had already been conclusively established by the paternity affidavits and that J.T.'s actions were filed outside of the statute of limitations. As such, we cannot say that the trial court abused its discretion by denying J.T.'s motions to strike.

## II. Motions to Dismiss

4

Next, J.T. argues that the trial court erred by granting Mother's motions to dismiss, which Mother conceded were actually motions for judgment on the pleadings under Trial Rule 12(C). "Like a motion to dismiss for failure to state a claim pursuant to Trial Rule 12(B)(6), a Trial Rule 12(C) motion attacks the legal sufficiency of the pleadings." Nat'l R.R. Passenger Corp. v. Everton, 655 N.E.2d 360, 363 (Ind. Ct. App. 1995), trans. denied. Our standard of review is de novo, and we draw all reasonable inferences in favor of the non-moving party. Id. "A judgment on the pleadings is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly establish that the non-moving party cannot in any way succeed under the facts and allegations therein." Eskew v. Cornett, 744 N.E.2d 954, 956 (Ind. Ct. App. 2001), trans. denied.

Mother argued to the trial court that her motions for judgment on the pleadings should be granted because: (1) the paternity affidavits conclusively determined G.C. and C.C.'s paternity; (2) J.T.'s petitions were untimely; and (3) J.T. failed to register with the putative father registry. The trial court granted the motions based on the first argument. On appeal, J.T. argues that none of Mother's arguments should have been successful.

We first address whether the paternity affidavits executed by Mother and R.C. conclusively established paternity such that J.T. could not seek to establish his paternity of G.C. or C.C. Indiana Code Section 31-14-2-1 provides that a man's paternity may only be established through an action under Indiana Code Article 31-14, which governs the establishment of paternity, or by executing a paternity affidavit in accordance with Indiana Code Section 16-37-2-2.1. "Except as provided in [Indiana Code Section 16-37-

5

2-2.1], if a man has executed a paternity affidavit in accordance with this section, the executed paternity affidavit conclusively establishes the man as the legal father of a child without any further proceedings by a court." Ind. Code § 16-37-2-2.1(p).[1] "A man is a child's legal father if the man executed a paternity affidavit in accordance with IC 16-37-2-2.1 and the paternity affidavit has not been rescinded or set aside under IC 16-37-2-2.1." I.C. § 31-14-7-3. Because the paternity affidavits have not been rescinded or set aside, R.C. is the legal father of G.C. and C.C.[2]

Contrary to the trial court's order, however, this court has held that, although the execution of a paternity affidavit establishes a man as a child's legal father, another man is not precluded from attempting to establish paternity of the child. See In re Paternity of N.R.R.L., 846 N.E.2d 1094, 1097 (Ind. Ct. App. 2006) ("Although Rogge's execution of the paternity affidavit established him as the child's legal father, that does not preclude another man from attempting to establish paternity of the child."), trans. denied; Trensey, 862 N.E.2d at 312 (holding that the presumption of paternity provided by execution of a paternity affidavit may be rebutted); see also In re Paternity of S.R.I., 602 N.E.2d 1014, 1016 (Ind. 1992) (allowing a paternity action to proceed despite the fact that a dissolution decree found the child to be of the marriage of the mother and another man). Our supreme court has recognized "there is a substantial public policy in correctly identifying

---

[1] This language was formerly found in Indiana Code Section 16-37-2-2.1(n), but the statute was amended effective July 1, 2012. See Pub. L. No. 128-2012, § 19 (eff. July 1, 2012).

[2] As the legal father, R.C. is a necessary party to J.T.'s paternity action. See In re Paternity of N.R.R.L., 846 N.E.2d 1094, 1096 (Ind. Ct. App. 2006), trans. denied; see also Ind. Code § 31-14-5-6 ("The child, the child's mother, and each person alleged to be the father are necessary parties to each action."). Here, J.T. named R.C. as a party to the paternity actions.

6

parents and their offspring." S.R.I., 602 N.E.2d at 1016. Consequently, despite the paternity affidavits, J.T. was not precluded from attempting to establish paternity. The trial court erred by entering judgment on this basis.

Mother also argued that J.T.'s petitions were filed after the expiration of the statute of limitations. Indiana Code Section 31-14-5-3(b) describes the time limits for the filing of a paternity petition by "[t]he mother, a man alleging to be the child's father, or the department or its agents." The action must be filed "not later than two (2) years after the child is born," subject to six exceptions. I.C. § 31-14-5-3(b). J.T. did not file his paternity petitions until January 2012, well over two years after G.C. and C.C. were born. Further, J.T. does not argue that any of the exceptions to the two-year limitation are applicable.

In an attempt to remedy this problem, J.T. filed amended petitions listing himself as G.C. and C.C.'s next friend. A minor child who is incompetent to petition for paternity on his or her own is entitled to petition by a next friend. In re Adoption of E.L., 913 N.E.2d 1276, 1281 (Ind. Ct. App. 2009); see I.C. § 31-14-5-2(a). G.C. and C.C. were less than five years old and accordingly were incompetent to petition for paternity on their own. Therefore, they were statutorily entitled to petition by next friend. "Although Indiana has no statutory definition of 'next friend,' this court has held a putative father is a proper next friend for purposes of a paternity petition." E.L., 913 N.E.2d at 1281.

In E.L., we noted that, even if a putative father is time-barred from petitioning in his own name, he is not precluded from filing a petition as next friend on behalf of the

7

child.  Id. at 1282.  The time limitation of Indiana Code Section 31-14-5-3(b), which is applicable to putative fathers, does not apply when the child is the petitioner.  Id.  Rather, under the paternity statutes, "a child may file a paternity petition at any time before the child reaches twenty (20) years of age."  I.C. § 31-14-5-2(b).  "Our cases have 'held that where an adult files a paternity action as a child's next friend, this twenty-year time limitation for filing . . . applies, and not the much shorter limitation periods that would apply if the adult was filing . . . on his or her own behalf.'"  E.L., 913 N.E.2d at 1282. (quoting R.J.S. v. Stockton, 886 N.E.2d 611, 614 n.2 (Ind. Ct. App. 2008)). Consequently, J.T.'s amended petitions, filed as G.C. and C.C.'s next friend, were timely.

Next, Mother argued that J.T.'s petitions should be dismissed because J.T. failed to register with the putative father registry.  The purpose of the putative father registry is to provide notice of adoption proceedings to a putative father.  I.C. § 31-19-5-3.  Indiana Code Section 31-14-5-7 provides that "[a] man who files or is a party to a paternity action shall register with the putative father registry under IC 31-19-5."  Further, the putative father registry statute provides that "[t]he filing of a paternity action by a putative father does not relieve the putative father from the: (1) obligation of registering; or (2) consequences of failing to register; in accordance with [Indiana Code Chapter 31-19-5] unless paternity has been established before the filing of the petition for adoption of the child."  I.C. § 31-19-5-6.  The consequence of failing to register is that the putative father "waives notice of an adoption proceeding" and his waiver "constitutes an irrevocably implied consent to the child's adoption."  I.C. § 31-19-5-18.  However, the actions at issue here are paternity actions, not adoption proceedings.  Although J.T.'s failure to

8

register with the putative father registry would result in an irrevocable implied consent to G.C. and/or C.C.'s adoption, we find no statutory authority for the proposition that J.T.'s failure to register would require the dismissal of his petitions for paternity under these circumstances.

In sum, J.T. has demonstrated that Mother's arguments in support of her motion for judgment on the evidence were incorrect. We conclude that J.T. has met his burden of demonstrating prima facie error regarding the trial court's judgment. The trial court erred when it granted Mother's motion for judgment on the evidence.

## Conclusion

The trial court did not abuse its discretion when it denied J.T.'s motion to strike. However, we conclude that the trial court erred when it granted Mother's motion for judgment on the evidence regarding the paternity of G.C. and C.C. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

VAIDIK, J., and MATHIAS, J., concur.