Baker, Judge, dissenting.
*1165 [23] I respectfully dissent. The plain language of Indiana Code section 16-37-2-2.1(l) provides that where, as here, a paternity affidavit has already been executed pursuant to that section, it may not be rescinded unless the trial court:
(1) has determined that fraud, duress, or material mistake of fact existed in the execution of the paternity affidavit; and
(2) at the request of a man described in subsection (k), has ordered a genetic test, and the test indicates that the man is excluded as the father of the child.
Neither of those circumstances has occurred in this case.
[24] The majority cites Indiana Code section 31-14-5-3 as support for its conclusion. In my view, this statute applies only if a paternity affidavit has not already been executed pursuant to Indiana Code section 16-37-2-2.1. To say that judicial action can trump a valid paternity affidavit even if the parties have not complied with Indiana Code section 16-37-2-2.1 is to render that statute meaningless, which is a result that should be avoided.
[25] Moreover, the majority points to In re Paternity of D.L. , 938 N.E.2d 1221, 1225 (Ind. Ct. App. 2010), in support of its conclusion that "establishing paternity in another man effectively operates to disestablish the paternity of a man who executed a paternity affidavit." Op. para. 14. In D.L. , however, paternity was not first established by a paternity affidavit under Indiana Code section 16-37-2-2.1 ; instead, it "was established by an action commenced pursuant to Article 31-14 ...." 938 N.E.2d at 1225. That paternity established by Article 31-14 can be disestablished by the same set of statutes is both unsurprising and irrelevant to the case before us.
[26] Both the plain language of Indiana Code section 16-37-2-2.1 and caselaw support a conclusion that once a paternity affidavit has been executed, it may not be rescinded unless the terms of that statute are met. See, e.g. , In re Paternity of H.H. , 879 N.E.2d 1175, 1177 (Ind. Ct. App. 2008) (holding that "[o]nce a man executes a paternity affidavit in accordance with I.C. § 16-37-2-2.1, he 'is a child's legal father' unless the affidavit is rescinded or set aside pursuant to that same statute" and that "once a mother has signed a paternity affidavit, she may not use the paternity statutes to deprive the legal father of his rights, even if he is not the biological father"). I acknowledge that there is also caselaw supporting the opposite conclusion, but respectfully disagree with those cases given the plain language of the relevant statutes. See Davis v. Trensey , 862 N.E.2d 308, 312-14 (Ind. Ct. App. 2007) (holding that prosecutor had a right to file paternity action and seek a genetic test where paternity had been established in another man by affidavit in the past); In re Paternity of N.R.R.L. , 846 N.E.2d 1094, 1098 (Ind. Ct. App. 2006) (noting that while a man is established as legal father after executing a paternity affidavit, "that does not preclude another man from attempting to establish paternity of the child" via a paternity action).
[27] I believe that the plain language of Indiana Code section 16-37-2-2.1 compels us to affirm, and therefore respectfully dissent.